UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.:

RENADE GRANT, an individual,

    Plaintiff,

-vs-

SELECT PORTFOLIO SERVICING, INC., a
Foreign profit corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, RENADE GRANT, by and through the undersigned counsel (*hereinafter* "Plaintiff"), hereby sues Defendant, SELECT PORTFOLIO SERVICING, INC., a Foreign profit corporation (*hereinafter,* "Defendant") for violation of the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq.* ("TCPA") and in support thereof states as follows:

### BRIEF INTRODUCTION

#### A. *Telephone Consumer Protection Act "TCPA"*

1. This is an action for damages resulting from Defendant's relentless debt collection calls using an automated telephone dialing system ("ATDS") and a pre-recorded voice ("robo-call").

2. Under the TCPA, both ATDS and robo-calls are unlawful when made to a cellular phone, unless made with the recipient's prior express-written-consent.[1] However, even where

---

[1] *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 27 FCC Rcd. 1830, 1844 ¶ 33 (2012); 47 U.S.C. § 227(b)(1)(A)(iii); *see also* 47 C.F.R. § 64.1200(a)(2.

[1576696/1]                                                                                                                                               Page **1** of **6**

consent is provided, the call recipient has the absolute right to revoke consent by any reasonable means, this includes oral revocation.[2]

### B. *Florida Consumer Collection Practices Act "FCCPA"*

3. The Florida Consumer Collection Practices Act (FCCPA), Fla. Stat. 559.72 *et. seq*, was adopted to reinforce the consumer rights established by federal law for individuals who owe money to others.

4. Importantly, unlike the FDCPA, the FCCPA applies to all persons trying to collect consumer debts; this includes original creditors and debt collectors.

5. The FCCPA, §559.72(18), states, in pertinent part:

In collecting consumer debts, no person shall:

> Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

### PARTIES, JURISDICTION, AND VENUE

6. Plaintiff is a natural person and citizen of the State of Florida.

7. Defendant's principal place of business is in Salt Lake City, Utah and is registered with the Florida Department of State as a Foreign profit corporation.

8. This Court has federal question jurisdiction because this case arises out of violations of federal laws: 28 U.S.C. § 1331 and 47 U.S.C. § 227(b).[3]

---

[2] *See In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, ¶ 64, CG Docket No. 02-278, WC Docket No. 07-135, 2015 WL 4387780, ___ F.C.C. ___ (July 10, 2015); *Coniglio v. Bank of Am., N.A.*, No. 8:14-cv-01628-EAK-MAP, 2014 U.S. Dist. LEXIS 149764, 2014 WL 5366248, at *3 (M.D. Fla. 2014) citing *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1255 (11th Cir. 2014)

[3] *See Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

9. Venue is proper in this Court pursuant to 18 U.S.C. § 1391(b)(2), because Defendant transacts substantial business in the forum.

## FACTUAL ALLEGATIONS

10. In 2012, Defendant began placing autodialed and/or prerecorded calls from 801-594-6000, 904-722-7050, and other numbers, to Plaintiff's cellular phone number, XXX-XXX-2940.

11. Plaintiff did not and has not expressly consented to Defendant's ATDS calls to Plaintiff's cellular phone.

12. Plaintiff did not and has not expressly consented to Defendant's robo-calls to Plaintiff's cellular phone.

13. In fact, in a letter dated, May 27, 2015, Plaintiff revoked any indicia of consent, demanding that Defendant stop calling him.

14. Under the TCPA, it is Defendant's burden to demonstrate that Plaintiff provided his prior express consent within the meaning of the statute and that this consent was not revoked.

15. Defendant has placed over three hundred and thirty (330), autodialed and prerecorded phone calls from 801-594-6000 to Plaintiff on his cellular phone, with over two-hundred (200) of those calls coming even after Plaintiff's written revocation.

16. Defendant has placed over two-hundred and fifty-one (251), autodialed and prerecorded phone calls from 904-722-7050 to Plaintiff on his cellular phone, with over one hundred and fifty (150) of those calls coming even after Plaintiff's written revocation.

17. Therefor not including calls made from other numbers, Defendant has placed over five-hundred and eighty-one (581) autodialed and prerecorded calls to Plaintiff's cell phone, with three-hundred and fifty of those calls coming after a written demand to stop.

18. All of Defendant's calls to Plaintiff's cellular phone were made using an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and used "an artificial or prerecorded voice" as described in 47 U.S.C. § 227(b)(1)(A).

19. None of Defendant's phone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

20. Defendant's telephone calls to Plaintiff's cellular phone, which were placed through the use of an "artificial or prerecorded voice," or through an "automatic telephone dialing system" for non-emergency purposes, and in the absence of Plaintiff's prior express consent, violated 47 U.S.C. § 227(b)(1)(A).

21. Defendant's repeated calls were time consuming and harassing to Plaintiff, and deprived Plaintiff of his statutorily created right to be free from such continued intrusion.

22. Upon information and belief, Plaintiff's experience is typical of that of other Defendant's customers, and that Defendant maintains a coordinated program of calling customers using an "automatic telephone dialing system" and/or "an artificial or prerecorded voice."

23. Defendant willfully or knowingly violated the TCPA.

24. Defendant willfully or knowingly violated the FCCPA.

25. As a result of the forgoing, Plaintiff has suffered damages including, without limitation violation of statutorily created rights, mental anguish, stress, and interference with employment.

## COUNT I
## VIOLATION OF THE TCPA

Plaintiff reaffirms, realleges, and incorporates by reference Paragraphs 1 through 25 as if fully set forth herein.

26. Defendant or others acting on its behalf, placed non-emergency phone calls to Plaintiff's cellular phone using an automatic telephone dialing system, and pre-recorded or artificial voice in violation of 47 U.S.C § 227 (b)(1)(A)(iii).

27. Defendant continued and continues to make such calls despite never having prior express consent.

28. Defendant continued and continues to make such calls despite Plaintiff's explicit demand to stop the improper calls.

29. Defendant willfully or knowingly violated the TCPA.

30. As a result of the forgoing, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff requests that this Court enter judgment in favor of Plaintiff and against Defendant for:

(a) $500.00 dollars in statutory damages for each violation of the TCPA;
(b) $1,500.00 dollars in statutory damages for each knowing, or willful, violation of the TCPA;
(c) a declaratory judgment that Defendant has violated Plaintiff's rights under the TCPA;
(d) a permanent injunction prohibiting Defendant from placing non-emergency phone calls to Plaintiff's cellular phone using an automatic telephone dialing system, or pre-recorded and/or artificial voice;
(e) actual damages as provided for in the TCPA;
(f) litigation costs; and
(g) such other or further relief as the Court deems proper.

## COUNT II
## VIOLATION OF THE FCCPA §559.72(7)

Plaintiff reaffirms, realleges, and incorporates by reference Paragraphs 1 through 25 as if fully set forth herein.

31. By calling Plaintiff's cellphone over three-hundred and thirty (330) times with two-hundred (200) of those times coming after Plaintiff's written demand to stop, Defendant, Macy's willfully communicated with Plaintiff with such frequency as can reasonably be expected to abuse or harass Plaintiff.

32. As a result of the forgoing, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff requests that this Court enter judgment in favor of Plaintiff and against Defendant for:

   a. $1,000.00 dollars in statutory damages for violation of the FCCPA;
   b. actual damages;
   c. attorney's fees and litigation costs; and
   d. such other and further relief as the Court deems proper.

### JURY TRIAL REQUEST

Plaintiff respectfully requests a jury trial on all issues so triable.

Respectfully submitted this 16th day of December, 2016, by:

        **ZEBERSKY PAYNE, LLP**
        110 S.E. 6th Street, Suite 2150
        Ft. Lauderdale, Florida 33301
        Telephone: (954) 989-6333
        Facsimile: (954) 989-7781
        Primary Email: jshaw@zpllp.com
        Tertiary E-mail: mperez@zpllp.com

        _____
        JORDAN A. SHAW, ESQ.
        Florida Bar No. 111771